UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY RICHARD DUSTIN,

    Plaintiff,

v.                                                        Case No. 3:24-cv-316-MMH-PDB

CHARITY PALMER, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Danny Richard Dustin, a pretrial detainee at the Clay County Jail, initiated this action by filing a Complaint under 42 U.S.C. § 1983.[1] Doc. 1. He is in pretrial custody for a pending state court criminal case in which the state is prosecuting him for second degree murder. See State v. Dustin, No. 2020-CF-000426 (Fla. 4th Cir. Ct.). Dustin names six Defendants: Classification Sgt. Charity Palmer, Assistant State Attorney Ashley Terry, State Attorney Melissa Nelson, Clay County Board of Commissioners, Billy Arnold, and Sheriff Michelle Cook. Doc. 1 at 3-5.

Dustin alleges that between January 26, 2023, and February 13, 2023, Defendant Ashley Terry, who is prosecuting Dustin's criminal case, conspired

---

[1] Dustin also filed two supplements to his Complaint, both of which refer to a Franks hearing held in his pending state court case. See Docs. 3, 4.

Case 3:24-cv-00316-MMH-PDB   Document 5   Filed 09/23/24   Page 2 of 11 PageID 70

with Defendant Palmer to transfer him to the Clay County Jail from the Duval County Jail and place him in confinement to hinder his right to access of courts. Doc. 1-1 at 1-2. He also asserts Terry and Palmer's actions violated his due process rights. Id. And he alleges he reported Terry and Palmer's actions to Defendants Nelson, Board of Commissioners, Cook, and Arnold but they failed to supervise and train their respective employee. Id. at 3. As relief, Dustin requests monetary damages and injunctive relief. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district

2

judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397,

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

The Court must read Dustin's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Dustin's Complaint fails to state a plausible § 1983 claim. Insofar as Dustin raises a due process claim, courts "examine procedural due process questions in two steps; the first asks whether there exists a liberty or property interest that has been interfered with by the state[;] the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); see also Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Supreme Court has held the imposition of disciplinary confinement does not trigger due process protections. Sandin v. Conner, 515 U.S. 472, 486 (1995) ("[D]iscipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."); see also Woodson v. Whitehead, 673 F. App'x 931, 933 (11th Cir. 2016) ("The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated.").

Notably, Dustin does not allege his disciplinary confinement or any disciplinary charges affected the duration of his sentence. For instance, he does not allege a loss of good time credits. See generally Doc. 1. And he asserts no facts suggesting he faced conditions so severe that they imposed on him a significant hardship in comparison to the ordinary incidents of prison life. See Sandin, 515 U.S. at 484. Thus, Dustin's allegations, accepted as true, fail to show a denial of due process under the Fourteenth Amendment, and his due

6

process claim is due to be dismissed. See Smith v. Deemer, 641 F. App'x 865, 867, 868 (11th Cir. 2016) (holding that the district court properly dismissed plaintiff's due process claim because the disciplinary hearing did not result in a loss of good time credits and plaintiff did not allege his term of disciplinary confinement exposed him to atypical and significant hardship even though the conditions in disciplinary confinement were more restrictive and less comfortable than those in general confinement).

As to any access to courts claim, a plaintiff must first establish an actual injury. Lewis v. Casey, 518 U.S. 343, 354 (1996). "To allege an actual injury, the complaint 'must identify a nonfrivolous, arguable underlying claim.'" Alvarez v. Sec'y, Fla. Dep't of Corr., 646 F. App'x 858, 867 (11th Cir. 2016) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "More specifically, the complaint must describe the underlying claim 'well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" Id. (quoting Cunningham v. Dist. Att'y Off. for Escambia Cnty., 592 F.3d 1237, 1271 (11th Cir. 2010)). Additionally, the plaintiff must show that the underlying nonfrivolous legal claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 354-57; Cranford v. Nevada Dep't of Corr., 398 F. App'x 540, 546-47 (11th Cir. 2010). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly

constitutional) consequences of . . . incarceration." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quotations and citation omitted). And access to and use of legal materials may be reasonably restricted consistent with the demands of institutional administration. Turner v. Safley, 482 U.S. 78, 79 (1987); Hoppins v. Wallace, 751 F.2d 1161 (11th Cir. 1985).

Here, Dustin fails to state a plausible access to courts claim because he has not alleged that he was prejudiced in his ability to bring or pursue a nonfrivolous claim. Likewise, Dustin merely speculates about the existence of a conspiracy. He fails to assert that the alleged conspirators made and shared a single plan to deprive him of a federal right or that the conspirators committed an overt act in furtherance of the conspiracy, which caused an injury to Dustin. See Burge v. Ferguson, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (holding to properly state a claim for conspiracy under § 1983, a plaintiff must allege, with specificity, that the defendants agreed to deny the plaintiff his constitutional rights, and that defendants did, in fact, violate plaintiff's constitutional rights); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (A court may properly dismiss a conspiracy claim if it includes only conclusory allegations and does not contain specific facts to inform the defendant "of the nature of the conspiracy alleged."); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) ("A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an understanding' to violate

8

the plaintiff's constitutional rights."); Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement, which presupposes communication."). And his vague and conclusory allegations unsupported by material facts are insufficient. Twombly, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one).

Also, Dustin tries to hold Defendants Nelson, Board of Commissioners, Cook, and Arnold liable based on the theory of respondeat superior, but supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Dustin does not allege that any supervisory Defendant personally participated in any unconstitutional conduct, the viability of his supervisory claim depends on whether he plausibly alleges a causal connection between those Defendants' actions and the alleged constitutional deprivation.

9

Dustin may show the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Here, Dustin does not allege facts supporting even an inference of a causal connection. For example, he does not allege a history of widespread abuse, nor does he allege that Defendants Nelson, Board of Commissioners, Cook, or Arnold knew of a need to train their subordinates and did not do so. And Dustin does not identify a policy or custom that caused the alleged constitutional violation. Thus, Dustin has not plausibly alleged a causal connection between any action or inaction of Defendants Nelson, Board of Commissioners, Cook, or Arnold and a violation of his constitutional rights.

Finally, to the extent that Dustin seeks to hold Defendant Terry liable for actions taken during his state criminal prosecution, he cannot do so because prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v.

10

Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). As such, Dustin fails to state a plausible claim for relief, and this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2024.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   Danny Richard Dustin, #133604

11